IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DONNA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:09-00038 |
| | ) | Judge Echols / Knowles |
| v. | ) | |
| | ) | |
| DEPARTMENT OF HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

Pending before the Court is Defendant's "Second Motion to Dismiss." Docket Entry No. 14. In support of that Motion, Defendant has submitted an accompanying Memorandum of Law with Exhibits. Docket Entry No. 15.

Plaintiff has not filed a Response.

Plaintiff, acting pro se, filed her Complaint on November 14, 2008. Docket Entry No. 1. Specifically, Plaintiff filed a "fill-in-the-blanks" form headed "COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964." *Id.* In Paragraph 8 of her Complaint, Plaintiff averred that, because of her "color," Defendant failed to promote her and retaliated against her for having filed a charge of discrimination. She also explained: "Because of a failed to promote in 2002. I was given the position but later was retaliated against and terminated. I was treated harshly and given another position only to be terminated before training was completed." Paragraph 9 of the form Complaint states, "The circumstances under which defendant

1

discriminated against plaintiff were as follows," and Plaintiff handwrote the following:

> [Defendant] failed to promote [me] to a position where I had a score of 97 and was competitive with that of another applicant. I later dropped charges after I was given the position however, I was excluded from training since it seems management didn't want me in this position. I concluded my probationary period for the position however, once new management came about I was treated indifferently. I had a history of depression which made my symptoms worsen due to situations I was up against. I was terminated on 09/30/06. I worked with TSEA and attorney Robert O'Connell helped me to get back on with the State. I explained to him that I had problems with depression and that putting me in the public would not be a wise decision since I would be distracted. My job prior to getting back on with the State allowed me to work with the public but no face to face contact. I was terminated before training was completed. I was not allowed to transfer as one of the other trainees in the class was able to do. I was also forced to take a cut in salary and not given the cost of living raise that everyone else received in July of 2007.

*Id.*

Plaintiff filed her Charge of Discrimination with the EEOC on November 8, 2007 alleging discrimination based upon retaliation and disability.[1] Docket Entry No. 15-2. Plaintiff received her Dismissal and Notice of Right to Sue letter on September 2, 2008 (Docket Entry No. 1-1), and timely filed this lawsuit.

Defendant filed the instant "Second Motion to Dismiss" and accompanying Memorandum of Law with Exhibits on March 27, 2009. Docket Entry Nos. 14 and 15. Defendant argues the color-based failure to promote and retaliation claims Plaintiff raises in her Complaint are barred because Plaintiff has failed to exhaust her administrative remedies with

---

[1] Plaintiff has filed several prior Charges of Discrimination with the EEOC. *See* Attachments to Docket Entry No. 1. The Charge of Discrimination filed on November 8, 2007, however, is the only one relevant to Defendant's instant Motion. Accordingly, the undersigned will not discuss the grounds for, and allegations of, the prior Charges.

2

respect to those claims, as Plaintiff's November 8, 2007, Charge of Discrimination claimed only discrimination based upon retaliation and disability, and did not mention color at all. *Id.* Specifically, Defendant argues that "the type of alleged discrimination of which Plaintiff complained in her EEOC charge is distinctly different from that of which she complains in the current lawsuit at bar." Docket Entry No. 14.

## **II. Facts**

Plaintiff's November 8, 2007, EEOC Charge of Discrimination alleges discrimination based upon retaliation and disability. Docket Entry No. 15-2, p. 2.

The "Particulars" of Plaintiff's November 8, 2007, EEOC Charge of Discrimination, in their entirety, are as follows:

> I am a person with a disability. I was discharged from my employment with the Department of Human Services. The Department of Human Services employs more than 15.
>
> I was employed by the State of Tennessee Department of Human Services and was wrongfully terminated in September, 2006. After complaining of my discharge and reporting how I was discriminated against to the EEOC, I reached a settlement agreement with the state. On May 31, 2007, the agreement was received and was to be reemployed as an Eligibility Counselor 2 with my previous experience credited. On July 2, 2007, I started to work as an Eligibility Counselor 1 and was learning my job. I had difficulty with the position due to my disability and on September 26, 2007 I began the interactive process with the Department for an accommodation. I was terminated for my performance effective September 27, 2007. I have been denied other positions with the state and have not been allowed to transfer to other positions for which I have applied.
>
> *I believe that I have been discriminated against because of my disability and retaliated against for filing charges with the EEOC in violation of the American's [sic] with Disabilities Act of 1990.*

Docket Entry No. 15-2 (emphasis added). Plaintiff submitted the EEOC charge of

3

discrimination as an attachment to her Complaint. Docket Entry No. 1- 6, p. 54. Fed. R. Civ. P. 10(c) provides in relevant part, "A copy of a written instrument that is in exhibit to a pleading is part of the pleading for all purposes." *See also Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) ("[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss.").

The allegations of Plaintiff's Complaint have been quoted above.

### III. Analysis

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* at 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

The Court is required to construe the complaint in the light most favorable to the plaintiff and to accept all well-pleaded allegations of fact as being true. *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Despite the Court's responsibility to liberally construe the complaint in the plaintiff's favor, "more than bare assertions of legal conclusions is ordinarily required to satisfy

4

federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Accordingly, the Court does not have to accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12

As an initial matter, the law is well-settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in the EEOC Charge of Discrimination *or* the claim is one that can be "reasonably expected to grow out of the EEOC charge." *See, e.g., Strouss v. Michigan Dept. of Corrections*, 250 F.3d 336, 342 (6th Cir. 2002).

Plaintiff did not explicitly allege discrimination based upon color in her November 8, 2007, EEOC Charge of Discrimination. *See* Attachment to Docket Entry Nos. 1 and 15. Rather, Plaintiff's November 8, 2007, EEOC Charge of Discrimination alleges discrimination based solely upon retaliation and disability, and Plaintiff does not discuss color in any way whatsoever. There is absolutely nothing in her November 8, 2007, EEOC Charge of Discrimination that could be read to contain allegations of color based discrimination. Because Plaintiff's Charge does not even reference her color or any color based animus, Plaintiff's allegations of color based discrimination cannot be "reasonably expected to grow out of her EEOC charge."

Thus, Defendant's Motion to Dismiss (Docket No. 14) should be GRANTED, with regard to Plaintiff's claim of discrimination based upon color. Defendant, however, goes further and asks the Court to "dismiss *this action* for failure to state a claim upon which relief can be granted . . . ." (Emphasis added.)

Fed. R. Civ. P. 8(e) provides, "Pleadings must be construed so as to do justice." It is

true, as stated above, that Plaintiff's Complaint is one filed pursuant to Title VII of the Civil Rights Act of 1964, and alleges that Defendant discriminated against Plaintiff on the basis of "color." At the same time, it is clear that Plaintiff's charge of discrimination filed with the EEOC raised a claim based upon "disability" and "retaliation" in violation of the ADA. Docket No. 15-2. Plaintiff's Complaint in the case at bar refers to a "history of depression." Plaintiff avers that she "had problems with depression," that she expressed her feeling that it would not be a "wise decision" to put her in "the public," and that she was not allowed to transfer as one of the other trainees in the class was able to do.

Construing the Complaint liberally, and accepting the allegations of the Complaint as true, both of which the Court is required to do, the Court concludes that Plaintiff's Complaint states an arguable claim for disability discrimination and retaliation in violation of the Americans With Disabilities Act. Thus, Defendant's Motion to Dismiss "these claims," (Docket No. 14) should be DENIED.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's claims based upon color discrimination and violation of Title VII of the Civil Rights Act of 1964 should be GRANTED. Defendant's Motion to Dismiss Plaintiff's remaining claims of disability discrimination and retaliation should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said

6

objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge