IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DONNA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:09-00038 |
| | ) | Judge Echols / Knowles |
| v. | ) | |
| | ) | |
| DEPARTMENT OF HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

Pending before the Court is Defendant's "Third Motion to Dismiss." Docket No. 27.

Plaintiff has not filed a Response.

Plaintiff, pro se, filed her Complaint on November 14, 2008, alleging that, because of her color, Defendant failed to promote her and retaliated against her for having filed a charge of discrimination against them, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Docket No. 1. Plaintiff, in her Complaint, specifically avers that:

> Failed to promote to a position where I had a score of 97 and was competitive with that of another applicant. I later dropped charges after I was given the position however, I was excluded from training since it seems management didn't want me in this position. I concluded my probationary period for the position however, once new management came about I was treated indifferently. I had a history of depression which made my symptoms worsen due to situations I was up against. I was terminated on 09/30/06. I worked with TSEA and attorney Robert O'Connell helped me to get back on with the State. I explained to him that I had problems with depression and that putting me in the public would not be a wise decision since I would be distracted. My job prior to getting back on with the State allowed me to work with the public but no face to face contact. I was terminated

1

> before training was completed. I was not allowed to transfer as
> one of the other trainees in the class was able to do. I was also
> forced to take a cut in salary and not given the cost of living raise
> that everyone else received in July of 2007.

*Id.*

Plaintiff properly filed her Charge of Discrimination with the EEOC on November 8, 2007 alleging discrimination based upon retaliation and disability. Attachment to Docket Nos. 1, 15-2. Plaintiff received her Dismissal and Notice of Right to Sue letter on September 2, 2008 (Attachment to Docket No. 1), and timely filed this lawsuit (Docket No. 1).

On March 4, 2009, Defendant filed a "Motion to Dismiss for Insufficient Process, or in the Alternative, for an Extension of Time to Respond" (Docket No. 10), which was granted in part on March 5, 2009 (Docket No. 12).

On March 27, 2009, Defendant filed a "Second Motion to Dismiss" (Docket No. 14), which, on July 9, 2009, was granted in part and denied in part (Docket No. 21).

On October 21, 2009, Defendant filed a "Motion to Compel Plaintiff to Answer Discovery" (Docket No. 22), which was granted on November 16, 2009 (Docket No. 23). The Court's November 16, 2009 Order stated in pertinent part as follows:

> Plaintiff shall respond to the Interrogatories and Request for
> Production of Documents on or before December 1, 2009. If
> Plaintiff fails to comply with this Order, the undersigned will
> recommend that this action be DISMISSED.

Docket No. 23.

On November 24, 2009, Plaintiff filed a six (6) page letter along with two hundred (200) pages of additional documents, but returned a blank and unanswered copy of Defendant's First Set of Interrogatories and Request for Production of Documents. Docket No. 26.

Defendant filed the instant "Third Motion to Dismiss" on December 12, 2009, arguing

2

that this action should be dismissed because Plaintiff has failed to timely comply with the Court's Order filed November 16, 2009 (Docket No. 23), which required Plaintiff to respond to the Interrogatories and Requests for Production of Documents on or before December 1, 2009. Docket No. 27.  Defendant argues that Plaintiff's November 24, 2009 filing (Docket No. 26) was not in compliance with the Court's Order because it contains "largely irrelevant and non-responsive documents," as well as a "blank and unanswered" copy of Defendant's First Set of Interrogatories and Request for Production of Documents.  *Id.*

Plaintiff has failed to answer Defendant's First Set of Interrogatories and Request for Production of Documents, as Ordered by this Court.  The Court's Order explicitly warned Plaintiff that her failure to comply with that Order would result in the undersigned recommending dismissal of this action.  Because Plaintiff did not comply with the Court's Order filed November 16, 2009, the undersigned recommends that Defendant's Third Motion to Dismiss be GRANTED and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

4