UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONNA JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 3:09-0038 |
| | ) JUDGE ECHOLS |
| DEPARTMENT OF HUMAN SERVICES, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court are the Report and Recommendation ("R&R") entered by the Magistrate Judge on April 16, 2010 (Docket Entry No. 28), Plaintiff Donna Jackson's objections to the R&R (Docket Entry No. 31), Defendants' response to Plaintiff's objections (Docket Entry No. 32), and Defendants' Third Motion To Dismiss (Docket Entry No. 27), to which Plaintiff did not respond.

Where objections to an R&R have been filed, the Court must determine de novo any part of the Magistrate Judge's recommended disposition to which proper objection has been made. The Court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions. Fed.R.Civ.P. 72(b)(3).

The Magistrate Judge recommends that the Court grant Defendants' Third Motion to Dismiss and dismiss Plaintiff's Complaint for failure to answer Defendants' interrogatories and requests for production of documents. On October 21, 2009, Defendants filed a Motion To Compel Plaintiff To Answer Discovery (Docket Entry No. 22) and, after Plaintiff failed to respond to the motion to compel, the Magistrate Judge entered an Order on November 16, 2010 (Docket Entry No. 23),

1

directing Plaintiff to answer Defendants' interrogatories and requests for production of documents on or before December 1, 2009, or face dismissal of the case.

On November 24, 2009, within the time allotted by the Magistrate Judge, Plaintiff filed with the Court a copy of a six-page single-spaced letter dated October 16, 2009 addressed to the Office of the Attorney General (counsel for Defendants) setting out Plaintiff's entire view of the case and pertinent dates, along with 201 pages of documents, including letters, emails, EEOC materials, and performance evaluations. Plaintiff also enclosed an unanswered copy of Defendants' interrogatories and requests for production of documents, but Plaintiff signed the discovery document and verified it under oath. (Docket Entry No. 26.) Asserting that Plaintiff's filing was largely irrelevant and not in compliance with the Magistrate Judge's Order, Defendants filed their Third Motion To Dismiss seeking dismissal of the case for failure to comply with discovery. The Magistrate Judge then entered the R&R suggesting that dismissal is warranted.

Federal Rule of Civil Procedure 37(b)(2) provides that, if a party fails to obey a discovery order, the Court "may issue further just orders." The rule sets out a variety of alternatives for handling a recalcitrant party, none of which were addressed in the R & R. "Dismissal is the sanction of last resort[,]" and it "should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." Beil v. Lakewood Eng'g and Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994).

This is not a case where the *pro se* Plaintiff simply ignored the Magistrate Judge's Order to respond to Defendants' discovery requests. Within the two-week period after the Order compelling action was entered, Plaintiff filed a lengthy and detailed statement of her case and 201 pages of additional documents, most if not all of which appear to the Court to be relevant to Plaintiff's claims.

2

Granted, Plaintiff was not required to file her discovery materials with the Court, but only turn them over to the Defendants, and she did not expressly answer the interrogatories, as she should have. But her explanation for failing to answer the interrogatories was given directly to Defendants' counsel at the deposition taken of Plaintiff on November 10, 2009. (Docket Entry No. 32, Attachment 1.) Plaintiff was asked to identify a copy of Defendants' interrogatories, and when asked why she had not answered them, Plaintiff testified: "Because I'm not familiar with the procedure. I tried to get an attorney to maybe help me, because I don't know anything about this document (indicating.)" (Tr. at 8.)

Based on this record, the Court cannot find that Plaintiff willfully or in bad faith failed to answer Defendants' interrogatories. Thus, the Court cannot agree that the sanction of dismissal of the case with prejudice is appropriate without prior consideration of some alternative short of dismissal that might result in Plaintiff's compliance.

Plaintiff will be given one more opportunity to answer Defendants' interrogatories and requests for production of documents. Even though Plaintiff is proceeding *pro se*, she is required to follow the Federal Rules of Civil Procedure and the Local Rules like any other party represented by counsel. Plaintiff must read each interrogatory or question submitted by the Defendants and either answer the question fully in writing under oath, or make an appropriate objection explaining why the question will not be answered, all as provided in accordance with Federal Rule of Civil Procedure 33. Plaintiff must then sign the verification statement at the end of the interrogatories before a notary.

Similarly, Plaintiff must read each request for production of documents submitted by the Defendants and either provide copies of responsive documents within the Plaintiff's possession,

3

Case 3:09-cv-00038   Document 33   Filed 05/05/10   Page 3 of 4 PageID #: 557 

Granted, Plaintiff was not required to file her discovery materials with the Court, but only turn them over to the Defendants, and she did not expressly answer the interrogatories, as she should have. But her explanation for failing to answer the interrogatories was given directly to Defendants' counsel at the deposition taken of Plaintiff on November 10, 2009. (Docket Entry No. 32, Attachment 1.) Plaintiff was asked to identify a copy of Defendants' interrogatories, and when asked why she had not answered them, Plaintiff testified: "Because I'm not familiar with the procedure. I tried to get an attorney to maybe help me, because I don't know anything about this document (indicating.)" (Tr. at 8.)

Based on this record, the Court cannot find that Plaintiff willfully or in bad faith failed to answer Defendants' interrogatories. Thus, the Court cannot agree that the sanction of dismissal of the case with prejudice is appropriate without prior consideration of some alternative short of dismissal that might result in Plaintiff's compliance.

Plaintiff will be given one more opportunity to answer Defendants' interrogatories and requests for production of documents. Even though Plaintiff is proceeding *pro se*, she is required to follow the Federal Rules of Civil Procedure and the Local Rules like any other party represented by counsel. Plaintiff must read each interrogatory or question submitted by the Defendants and either answer the question fully in writing under oath, or make an appropriate objection explaining why the question will not be answered, all as provided in accordance with Federal Rule of Civil Procedure 33. Plaintiff must then sign the verification statement at the end of the interrogatories before a notary.

Similarly, Plaintiff must read each request for production of documents submitted by the Defendants and either provide copies of responsive documents within the Plaintiff's possession,

custody, and control or make an appropriate objection as to why such documents cannot or will not be produced. If Plaintiff has already produced all of the responsive documents in her possession, custody and control in the filing she made with the Court on November 24, 2009, Plaintiff may say so. Upon completion of the interrogatories and requests for production, Plaintiff must mail her responses to counsel for the Defendants. Plaintiff is not required to file them with the Court.

Accordingly,

(1) the R&R (Docket Entry No. 28) is hereby REJECTED;

(2) Defendants' Third Motion To Dismiss (Docket Entry No. 27) is hereby DENIED;

(3) Plaintiff is hereby DIRECTED to respond to Defendants' interrogatories and requests for production of documents as set out in this Order **no later than fourteen (14) days after service of this Order. Plaintiff is hereby warned that failure to answer Defendants' interrogatories and requests for production of documents as directed will result in adverse consequences for the Plaintiff's case as provided in Rule 37(b)(2), up to and including possible dismissal with prejudice for failure to cooperate in discovery.**

(4) This case is hereby returned to the Magistrate Judge for further proceedings and any adjustments that must be made to the Scheduling Order.

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE