IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DONNA JACKSON, | ) | |
| Plaintiff, | ) | Case No. 3:09-00038 |
| | ) | Judge Campbell/Knowles |
| v. | ) | |
| DEPARTMENT OF HUMAN SERVICES, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's "Fourth Motion to Dismiss." Docket No. 36.

Plaintiff has not filed a Response.

Plaintiff, pro se, filed her Complaint on November 14, 2008, alleging that, because of her color, Defendant had failed to promote her and had retaliated against her for having filed a charge of discrimination against it, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Docket No. 1. Plaintiff, in her Complaint, specifically avers that:

> Failed to promote to a position where I had a score of 97 and was competitive with that of another applicant. I later dropped charges after I was given the position however, I was excluded from training since it seems management didn't want me in this position. I concluded my probationary period for the position however, once new management came about I was treated indifferently. I had a history of depression which made my symptoms worsen due to situations I was up against. I was terminated on 09/30/06. I worked with TSEA and attorney Robert O'Connell helped me to get back on with the State. I explained to him that I had problems with depression and that putting me in the public would not be a wise decision since I would be distracted. My job prior to getting back on with the State allowed me to work with the public but no face to face contact. I was terminated

1

> before training was completed. I was not allowed to transfer as
> one of the other trainees in the class was able to do. I was also
> forced to take a cut in salary and not given the cost of living raise
> that everyone else received in July of 2007.

*Id.*

Plaintiff properly filed her Charge of Discrimination with the EEOC on November 8, 2007 alleging discrimination based upon retaliation and disability. Attachment to Docket Nos. 1, 15-2. Plaintiff received her Dismissal and Notice of Right to Sue letter on September 2, 2008 (Attachment to Docket No. 1), and timely filed this lawsuit (Docket No. 1).

On March 4, 2009, Defendant filed a "Motion to Dismiss for Insufficient Process, or in the Alternative, for an Extension of Time to Respond" (Docket No. 10), which was granted in part on March 5, 2009 (Docket No. 12).

On March 27, 2009, Defendant filed a "Second Motion to Dismiss" (Docket No. 14), which, on July 9, 2009, was granted in part and denied in part (Docket No. 21).

On October 21, 2009, Defendant filed a "Motion to Compel Plaintiff to Answer Discovery" (Docket No. 22), which was granted on November 16, 2009 (Docket No. 23). The Court's November 16, 2009 Order stated in pertinent part as follows:

> Plaintiff shall respond to the Interrogatories and Request for
> Production of Documents on or before December 1, 2009. If
> Plaintiff fails to comply with this Order, the undersigned will
> recommend that this action be DISMISSED.

Docket No. 23.

On November 24, 2009, Plaintiff filed a six (6) page letter along with two hundred (200) pages of additional documents, but returned a blank and unanswered copy of Defendant's First Set of Interrogatories and Request for Production of Documents. Docket No. 26.

Defendant filed its "Third Motion to Dismiss" on December 12, 2009 (Docket No. 27),

2

which Judge Echols denied in an Order entered May 5, 2010 (Docket No. 33). Judge Echols' Order also stated in pertinent part as follows:

> Plaintiff will be given one more opportunity to answer Defendants' interrogatories and requests for production of documents. Even though Plaintiff is proceeding *pro se*, she is required to follow the Federal Rules of Civil Procedure and the Local Rules like any other party represented by counsel. Plaintiff must read each interrogatory or question submitted by the Defendants and either answer the question fully in writing under oath, or make and appropriate objection explaining why the question will not be answered, as all provided in accordance with Federal Rule of Civil Procedure 33. Plaintiff must then sign the verification statement at the end of the interrogatories before a notary.
> Similarly, Plaintiff must read each request for production of documents submitted by the Defendants and either provide copies of responsive documents within the Plaintiff's possession, custody, and control or make an appropriate objection as to why such documents cannot or will not be produced. If Plaintiff has already produced all of the responsive documents in her possession, custody and control in the filing she made with the Court on November 24, 2009, Plaintiff may say so. Upon completion of the interrogatories and requests for production, Plaintiff must mail her responses to counsel for the Defendants. Plaintiff is not required to file them with the Court.
> . . .
> (3) Plaintiff is hereby DIRECTED to respond to Defendants' interrogatories and requests for production of documents as set out in this Order **no later than fourteen (14) days after service of this Order. Plaintiff is hereby warned that failure to answer Defendants' interrogatories and requests for production of documents as directed will result in adverse consequences for the Plaintiff's case as provided in Rule 37(b)(2), up to and including possible dismissal with prejudice for failure to cooperate in discovery.**

Docket No. 33 (Emphasis original).

On May 21, 2010, Defendant filed the instant "Fourth Motion to Dismiss." Docket No. 36. Along with that Motion, Defendant contemporaneously filed the Affidavit of John W.

3

Dalton, Defendant's counsel of record in this matter. Docket No. 36-1. Defendant contends that this action must be dismissed because of Plaintiff's failure to timely comply with the Court's Order filed and served on May 5, 2010 (Docket Nos. 33, 34). *Id.*

Judge Echols' May 5, 2010 Order explicitly informed Plaintiff that she was receiving *one more opportunity* to answer Defendant's Interrogatories and Requests for Production of Documents. Docket No. 33. Because Plaintiff had previously argued that she had failed to complete Defendant's Interrogatories and Requests for Production of Documents because she did not know how to do so (*see* Docket No. 32, Attachment 1), Judge Echols' Order also explicitly explained to Plaintiff exactly what she was to do and how to do it. *Id.* Judge Echols' Order additionally explicitly cautioned Plaintiff that she was being given an additional fourteen (14) days after the entry of the Order in which to answer Defendant's interrogatories and requests for production of document or face adverse consequences, including the dismissal with prejudice of her claims. *Id.*

Despite Judge Echols' admonition, Plaintiff has failed to comply with the Court's May 5, 2010 Order. She did not respond to Defendant's Interrogatories and Requests for Production of Documents. *See* Docket No. 36-1, Dalton Aff., ¶ 3. Plaintiff has likewise failed to respond to Defendant's "Fourth Motion to Dismiss" or offer any explanation whatsoever why she failed to comply with the Court's Order.

Because Plaintiff has failed to comply with the Court's Order, despite receiving instruction and admonition, the undersigned recommends that Defendant's "Fourth Motion to Dismiss" be GRANTED, and that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

4

days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge